**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JARRID FLYNN,**

            **Plaintiff,**

**-vs-**                                           **Case No. 6:09-cv-837-Orl-22DAB**

**INTERPLAN, LLC,**

            **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 10)**
>
> **FILED:**      **November 5, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the

FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Plaintiff was employed by Defendant from May 14, 2007 to March 13, 2009, and was compensated on a salary basis, *i.e.*, never paid overtime for hours worked in excess of forty hours per work week because he was considered an "exempt" employee. Doc. No. 1. Plaintiff originally sought $38,871 in unpaid overtime and liquidated damages; Defendant denied all liability to Plaintiff as a salaried employee. Doc. No. 10. The Parties agree that disputed issues existed in the case, specifically, whether the Plaintiff was exempt from the overtime compensation requirements of the FLSA, and, if not exempt, how many uncompensated (if any) overtime hours Plaintiff worked, while employed by Defendant. Doc. No. 10. Defendant denied that it owed the Plaintiff any overtime compensation and asserted that the Plaintiff was exempt from the overtime requirements of the FLSA.

Doc. No. 10. The settlement to Plaintiff of $25,000 in unpaid wages and liquidated damages represents approximately 65% of the amount originally sought.

The parties have agreed that Defendant will pay Plaintiff's attorneys $4,000 in attorney's fees and costs. Plaintiff's counsel litigated incurred 16 hours in litigating the matter on behalf of Plaintiff. A member of the bar since 1996, Plaintiff's counsel, Mr. Hollified specializes in employment matters typically charges clients an hourly rate of $350; however, the Court finds $300 per hour to be an appropriate rate for his work in this FLSA. Thus, the total amount of fees earned totals $4,800, with the filing fee of $350; counsel has discounted his fee as part of the settlement of the case. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of **$25,000** to Plaintiff for unpaid wages and liquidated damages, and **$4,000** for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 20, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy